IDA COHEN, Suing on Behalf of Herself and Other Creditors of RUBIN AUERBACH et al., Doing Business under the Firm Name of AUERBACH & GOLDBERG, Respondent, *v.* ILLINOIS SURETY COMPANY, Appellant.

GUISEPPE SCIABALLA, Suing on Behalf of Himself and Other Creditors of GAETANO ZINGALES, Respondent, *v.* ILLINOIS SURETY COMPANY, Appellant.

*Cohen* v. *Illinois Surety Co.*, 166 App. Div. 680, affirmed.
*Sciaballa* v. *Illinois Surety Co.*, 166 App. Div. 677, affirmed.
(Argued May 24, 1915; decided June 8, 1915.)

APPEAL, by permission, in each of the above-entitled actions, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1915, reversing a judgment in favor of defend-

ant entered upon a dismissal of the complaint by the court on trial at Special Term, directing judgment in favor of plaintiff, and appointing a referee to ascertain the amount due to the plaintiff and other creditors in an action brought to recover on a bond given by the defendant on April 17, 1908, pursuant to the provisions of chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908, requiring persons engaged in the sale of steamship tickets or railroad tickets for transportation to or from foreign countries and in conjunction therewith of receiving moneys on deposit, to give a bond to the people of the state of New York conditioned for the faithful holding and transmission of the moneys so deposited.

The following questions were certified in the first action:

" 1. Did the plaintiff and other creditors on whose behalf she sues, by proving their claims in the bankruptcy proceedings against Rubin Auerbach and Henry Goldberg, doing business under the firm name and style of Auerbach & Goldberg and receiving their *pro rata* share of the amount of the new security given under chapter 348 of the Laws of 1910, elect to look to such new security and thereby waive all right of action whatsoever on the bond in suit ?

" 2. Did the repeal of the statute, chapter 479 of the Laws of 1908, by the General Business Law (Laws of 1909, chap. 25), which became effective February 7, 1909, effect a discharge of the bond in suit as to deposits made subsequent to such repeal ?

" 3. Did the passage of chapter 348 of the Laws of 1910, and the compliance therewith by Rubin Auerbach and Henry Goldberg, doing business under the firm name and style of Auerbach & Goldberg, effect a discharge of the bond in suit as to deposits allowed to remain after the passage of said statute and compliance therewith ? "

The following questions were certified in the second action:

" 1. Did the plaintiff and other creditors on whose behalf he sues, by proving their claims in the bankruptcy

proceedings against Zingales and receiving their *pro rata* share of the amount of the new security given under chapter 348 of the Laws of 1910, elect to look to such new security and thereby waive all right of action whatsoever on the bond in suit?

" 2. Did the repeal of the statute, chapter 479 of the Laws of 1908, by the General Business Law (Laws of 1909, chap. 25), which became effective February 17, 1909, effect a discharge of the bond in suit as to deposits made subsequent to such repeal?

" 3. Did the passage of chapter 348 of the Laws of 1910 and the compliance therewith by Zingales effect a discharge of the bond in suit as to deposits allowed to remain after the passage of said statute and compliance therewith?"

*L. Laflin Kellogg, Alfred C. Petté* and *Nelson L. Keach* for appellant.

*Alex I. Hahn* and *Samuel Hoffman* for respondents.

Order in each case affirmed, with costs; first and third questions certified answered in the negative; second question certified not answered; no opinion.

Concur: WILLARD BARTLETT, Ch. J., COLLIN, HOGAN, CARDOZO and SEABURY, JJ. Dissenting: HISCOCK and CUDDEBACK, JJ.